RONNOC GROVE COMPANY, A CORPORATION, *Appellant*, v. COE-MORTIMER COMPANY, A CORPORATION, *Appellee*.

Opinion Filed March 15, 1922.

Petition for Rehearing Denied March 28, 1922.

1. Where a mortgage given to secure payment of promissory notes antedates by one day such notes, but the notes are copied into the mortgage, no force can be given to the contention that the mortgage is unenforceable as to such indebtedness upon the theory that the notes were not in existence when the mortgage was made, because, even if such a difference in the dates would affect the validity of the mortgage, it is conclusively proved by the instrument itself that the notes were in existence when the mortgage was drawn and that the discrepancy was merely a mistake of the draftsman.

2. When the defendant desires to raise the question of a foreign corporation's right to maintain a suit in this state, the defense should be specially made.

3. Where a bill to foreclose a mortgage on real estate expressly alleges that a defendant, grantee from the mortgagor of a portion of the mortgaged property, purchased with knowledge of complainant's asserted mortgage lien upon such property and the bill is demurred to generally by such defendant, he cannot, because of his contrary admission, consistently contend upon demurrer that he is in the position of a bona fide purchaser for value without notice of complainant's lien.

4. A demurrer to a bill in equity admits the truth of all such matters of fact as are well and sufficiently pleaded.

An Appeal from the Circuit Court for Volusia County; James W. Perkins, Judge.

Affirmed.

*W. M. Bostwick, Jr.,* and *Joseph M. Glickstein,* for Appellant;

*Landis, Fish & Hull,* for Appellee.

WEST, J.—This is a suit to foreclose a mortgage on real estate located in Volusia County.

The substance of the material allegations of the bill of complaint necessary to be stated in considering this appeal is the corporate capacity of the complainant mortgagee and the respective interests of the several defendants; the indebtedness evidenced by promissory notes of certain of the defendants, payment of which the mortgage sought to be foreclosed was given to secure; the execution of the mortgage containing an erroneous description of the lands mortgaged; discovery of the error and execution by the mortgagors of an instrument under seal ratifying the transaction and supplying a proper description of the property;

conveyance by the mortgagors of a portion of the mort-gaged property to the defendant Ronnoc Grove Company subsequent to the execution and record of the mortgage but prior to the execution and recordation of the instrument completing the description and ratifying the transaction, but with respect to this conveyance it is alleged that it was made to and accepted by said grantee "with knowledge, both actual and constructive, of your orator's claim of lien upon said property under the mortgage sought to be reformed and foreclosed." Failure to pay the indebtedness in full, all of which is past due, is alleged.

The prayer is for the reformation of the mortgage correcting the error in the description of the property, an accounting, foreclosure of the mortgage and general relief.

The bill of complaint was demurred to on various grounds. On a hearing the demurrers were overruled. The defendant Ronnoc Grove Company took an appeal and assigns the order overruling its demurrer as error.

There are a number of assignments of error but they may be so grouped as to present three questions, the first of which is grounded upon the fact, as appears from the allegations of the bill, that the mortgage sought to be foreclosed antedates the notes evidencing the indebtedness, payment of which the mortgage was given to secure, and upon this fact is based the argument that, since at the time of the execution of the mortgage the notes were not in existence, the mortgage is nugatory and unenforceable. The mortgage is dated July 31, 1916, while the notes secured by it are dated August 1, 1916, one day later, but from the certified copy of the mortgage attached to and made a part of the bill it appears that the notes are copied into the mortgage. So that, even if the variance be con-

sidered material, it is incontestibly proved by the mort-
gage itself that on the day of its execution the notes, al-
though bearing a later date, were in fact in existence and
that the difference in dates of the instruments must have
been simply a mistake of the scrivener which may, if neces-
sary, be corrected under the prayer for general relief.
If the notes were post dated this alone would not affect
their validity. Section 4686, Revised General Statutes.
But it is unnecessary to consider this question since the
fact upon which the contention is based may be conclu-
sively disproved by no more than a glance at the mort-
gage. Not only are the notes copied in the mortgage, but
other copies are attached to and made a part of the bill.
There can be no question of the identity of the notes,
payment of which the mortgage was given to secure, and,
their identity being apparent, slight variation between
the description of the notes in the bill and the notes them-
selves which are a part of the bill are immaterial.

The second contention is that the allegations of the bill
to the effect that the complainant is a corporation doing
business in the State of Florida and having its principal
Florida place of business in Jacksonville are equivalent to
an allegation that complainant is a foreign corporation,
and, there being no further allegation that it has complied
with the provisions of the statutes prescribing conditions
upon which certain foreign corporations may transact
business in Florida, it is defective in this respect and the
order of the court overruling the demurrer pointing out
this defect was error. If it should be conceded that this
allegation is susceptible of the construction placed upon
it by defendant and it should also be construed to mean
that the defendant corporation was of the particular class
to which the statutes apply and that it was not transact-

ing business in the State at the time of the enactment of Chapter 5717, Acts of 1917, Section 4100, Revised General Statutes, still this contention could not be allowed. This court has construed the statute which defendant says is applicable (Sec. 4098, Rev. Gen. Stat.) and in doing so held that compliance with its provisions is not a condition precedent to the right of the corporation to maintain an action in the courts of this state but that the defense of failure to comply with the provisions of the statute is one that should be specially pleaded. Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216. This holding is in accord with the general rule. 12 R. C. L. 98-101; 14A C. J. p. 1358, Sec. 4069. Under this construction the defense sought here to be interposed may not be presented by demurrer to the bill of complaint.

The third contention is that the defendant Ronnoc Grove Company, appellant here, being shown by the allegations of the bill to have purchased a portion of the property attempted to be described in the mortgage prior to the date of the execution and recordation of the instrument completing and correcting such description, is in the position of a bona fide purchaser of the property for value without notice, and that its portion of the property, therefore, is not subject to the mortgage nor its claim subordinate to the claim of the complainant mortgagee, but the bill alleges and defendant's demurrer admits that it had knowledge, both actual and constructive, of complainant's claim of a mortgage lien upon the property purchased before its purchase. That the knowledge of and notice to defendant of complainant's claim of lien upon the property before defendant's purchase is well pleaded, is not disputed and could not be on demurrer to the bill. Under the rule that a demurrer admits the truth of all such matters of fact as are sufficiently pleaded, the defendant cannot at this stage

of the proceeding consistently contend that it is a bona fide purchaser of the property for value and without notice of complainant's mortgage lien. Isleworth Grove Co. v. County of Orange, 79 Fla. 208, 84 South. Rep. 83; Owen v. Baggett, 77 Fla. 582, 81 South. Rep. 888; Shone v. Bellmore, 75 Fla. 515, 78 South. Rep. 605; Capital City Bank v. Hilson, 64 Fla. 206, 60 South. Rep. 189; Brown v. Avery, 63 Fla. 355, 58 South. Rep. 34; Atlantic Coast Line R. R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318.

No error having been made to appear, the order appealed from will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.