RACHEL B. JARVIS, a widow, *Appellant,* v. CHAPMAN PROPERTIES, INC., a Florida Corporation, *Appellee.*

147 So. 860.

Division B.

Opinion filed May 1, 1933.

*Chappell, Brown & Allen,* for Appellant;
*Roger Edward Davis,* for Appellee.

BUFORD, J.—Appellee is a Florida corporation. It filed its bill of complaint against appellant to foreclose a mortgage on November 24th, 1931.

There is no question as to the validity of the mortgage or obligation secured by it.

The only question presented is that which was raised by answer filed on March 14, 1932, challenging the right of complainant in the court below to maintain its suit because it had not complied with the provisions of Chapter 14677, Acts of the Legislature of 1931, by filing its report and paying its annual corporation tax as therein required. The record shows that the report was made and the tax paid on March 21, 1932. Final decree was entered August 22, 1932.

The pertinent provisions of the statute involved in this case are contained in Section 5 thereof, which is as follows:

"Sec. 5. Any corporation failing to comply with the provisions of this Act for six months shall forfeit its corporate and charter privileges and shall not be permitted to maintain any action in any court in this State until such reports are filed and all fees due hereunder paid. On January first of each year the Secretary of State shall make up a list of the corporations of record in his office which have failed to comply with the provisions of this Act and shall mail a copy of such lists to the Clerks of the Circuit Courts, the Civil Courts of Record, the Circuit Judges and the Justices of the Peace of this State."

There is no record of the enforcement of the forfeiture as provided elsewhere in the statute and therefore the sole question is whether or not the bill of complaint should have been dismissed because the tax remained unpaid from January 1st, 1932, to March 21st, 1932. By the terms of the Act the complainant was not deprived of the privilege

of maintaining the suit at the time the same was instituted. The record discloses no steps taken by complainant in the cause between January 1st, 1932, and March 21st, 1932. After the payment of the tax the cause moved forward to the entry of final decree.

In Gray v. Central Florida Lumber Co., filed March 15th, 1932, reported 140 Sou. 320, we said, concerning this Act:

"A franchise to transact business in this State by either a domestic or foreign corporation is a privilege which may be granted or withheld as the State deems proper. This premise established, it necessarily follows that such a franchise may be granted on such terms as the sovereignty may prescribe so long as not in conflict with the Constitution. The Act brought in question does not attempt to deprive a corporation of its franchise for failure to comply with its terms, but it makes the payment of its filing fee a prerequisite to transact business and punishes it by withholding all its charter privileges if not paid in six months. This is a reasonable regulation not nearly so harsh as that imposed in other States for a like delinquency. Whether or not such a declaration is in violation of Section 4 of the Declaration of Rights is one of first impression in this Court, but it has frequently been adjudicated by other courts in this country. In some jurisdictions the statutes work a dissolution of the corporation on failure to pay the excise and are self-executing while in other jurisdictions the statutes require a judicial inquiry to adjudicate the fact of forfeiture, but in either event such statutes have been held to be constitutional, notwithstanding organic provisions similar to that interposed in the instant case. When statutes have gone so far as to declare a forfeiture and dissolution of the charter and all corporate privileges for failure to pay the required excises, the weight of authority supports

the rule requiring a judicial inquiry to determine the fact of forfeiture. Bunn v. City of Laredo (Tex. Civ. App.), 213 S. W. 320; Ferguson Fruit & Land Co. v, Gooddking, 44 Idaho 76, 258 P. 557; Farmers State Bank of Richardton v. Brown, 52 N. D. 806, 204 N. W. 673; Peck v. Linney, 97 Wash. 103; 165 P. 1080; State ex rel. New Arlington Hotel Co. v. Hinkle, 115 Wash. 298, 197 P. 4; Murphy v. Wheatley, 102 Md. 501, 63 A. 62; Klamath Lumber Co. v. Bamber, 74 Ore. 287, 142 P. 359; 145 P. 650; Van Landingham v. United Tuna Packers, 189 Cal. 353, 208 P. 973; Siegel v. Maryland Casualty Co. (Sup.), 178 N. Y. S. 391; People v. Rose, 207 Ill. 352, 69 N. E. 762; Turner v. Western Hydro-Electric Co., 241 Mich. 6, 216 N. W. 476; Section 5443 vol. 8, Fletcher's Cyc. of Corporations; and Section 5443 of the 1924 Supplement to the last named author; 3 Cook on Corporations (8th Ed.) 2356. *Our statute does not declare a forfeiture, but merely suspends the charter privilege until the tax is paid.*" (Italics supplied.)

It, therefore, follows that the right to maintain the suit by complainant was suspended by operation of law from January 1st, 1932, to March 21st, 1932, during which time complainant took no affirmative action in regard thereto. The cause may be regarded as having been dormant during that period, but when complainant filed its report and paid its tax the right to continue to maintain the suit was revived and all the legal rights of the corporation were restored. There is no law or rule of court which required the dismissal of the cause by the court of its own motion and no motion was made to dismiss on this ground. In the absence of such a motion made during the pendency of the suspension of charter privileges we are not here called upon to determine what the rights of the parties

would be in a case where such a motion for such cause is so made.

The decree should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.