GEORGE T. CHRISTIE, *et ux.*, v. HIGHLAND WATERFRONT CO.

153 So. 784.
Opinion Filed March 12, 1934.
Petition for Rehearing Denied April 4, 1934.

*W. McL. Christie* and *John L. Neeley,* for Appellants; *Francis B. Winthrop,* for Appellee.

PER CURIAM.—A suit was brought July 23, 1931, to enforce a mortgage lien upon real estate given to secure the payment of three promissory notes aggregating $20,000.00, dated October 23, 1925, payable severally one, two and three years after date with interest from date at 6 per cent per annum, payable annually, the indebtedness being the balance due on the purchase price of the land mortgaged. The mortgage was assigned to the Lewis State Bank in April, 1929, and to the Highland Waterfront Company, July 20, 1931. It appears that on July 28, 1928, a total of $4,227.66 had been paid on the principal of the $20,000.00 debt. On that date it was stipulated in writing under seal by the parties that the payment of the balance of the principal of the mortgage be extended for the period of two years from the 3rd day of October, 1928, the mortgagor renewing the covenants of the mortgage except as to the

time of payment of the balance of the principal of the mortgage debt, which time of payment was extended from October 3, 1928, to October 3, 1930.

A demurrer to the bill of complaint was overruled.

The answer contains the following:

"Further answering the said bill of complaint, these defendants say that subsequent to the due date of all the notes secured by said mortgage and prior to the assignment thereof by the said Florence R. S. Phillips and the Lewis State Bank of Tallahassee to the complainant, and while the said Florence R. S. Phillips was the owner of said notes and mortgage, the said Florence R. S. Phillips agreed with the defendant, Geo. T. Christie, that she would foreclose said mortgage but that the said defendant could go ahead with his planned improvements and operate said property and make such payments from time to time as he could upon said mortgage indebtedness; that said defendant, Geo. T. Christie, did continue with the improvements and operation of said property as aforesaid and did make certain payments to the said Florence R. S. Phillips as specified in the bill of complaint, and the said Florence R. S. Phillips never demanded the payment of said mortgage indebtedness thereafter, neither did the Lewis State Bank demand payment of said indebtedness and never did the said Highland Waterfront Company demand the payment thereof; that no communication has ever been received by said defendants, or either of them, from either of said parties above referred to demanding payment of said mortgage indebtedness, or electing to declare said mortgage indebtedness due and payable."

Such quoted part of the answer was stricken on motion of the complainant.

It is argued that "a demand for payment of the notes was necessary to mature them and that a notice of an election to foreclose the mortgage was necessary in order to ripen them for foreclosure." Such contentions are predicated upon averments of the answer quoted above that subsequent to the due dates of the notes secured by the mortgage and prior to the assignment thereof, the owner of the notes and mortgage agreed with the mortgagor "that she would not foreclose said mortgage but that said defendant could go ahead with his planned improvements and operate said property and make such payments from time to time as he could upon said mortgage indebtedness; that said defendant did continue with the improvements and operation of said property as aforesaid and did make certain payments" as specified in the bill of complaint, and the mortgagee and her assigns "never demanded the payment of said mortgage indebtedness thereafter."

The quoted averments of the answer were stricken on motion of the complainant. This was not error because there was no consideration shown for the very indefinite parol agreement which it is claimed would modify the covenants of the mortgage. While the courtesy of notice of intended foreclosure might have accommodated the mortgagor without burdening the mortgage holder, the stated agreement was not effective to require a demand for payment to mature the notes and did not give the mortgagor a right to notice before foreclosure proceedings were instituted. In this case the foreclosure was not accelerated under the original covenants, and one extension of two years from the due date of the last note had been made by mutual covenants. This distinguishes the case from Kreiss Potassium Phosphate Co., et al., v. Knight, 98 Fla. 1004, 124 So. 751, and Jaudon v. Equitable Life Assur. Soc. of

United States, 102 Fla. 782, 136 So. 517, cited by counsel for defendants, plaintiffs in error here.

A counter claim was filed in which it is in effect alleged that the original mortgagee and the mortgagor "agreed for valuable considerations to disregard maturities and covenants of defeasance and acceleration on condition that the" mortgagor "would expend his personal money, first for improvements greatly enhancing the value of the mortgagee's security and at the expense of the application of only such sums as he could pay upon the mortgage debt pending the installment of the improvements." That the mortgagor "in consideration of the said waiver expended approximately eleven thousand dollars for improvements and paid to the said mortgagee approximately six thousand dollars on the said indebtedness." That the assignee of the mortgage "was fully aware of the waiver hereinabove set forth and took the said mortgage as collateral securities with full knowledge of the said waiver. That regardless of the waiver the mortgagee and the assignee of the mortgage "sold the said mortgage and all of their rights, title and interests therein to the plaintiff who took it for" $15,000.00 and immediately undertook to "enforce the defeasance covenants and the acceleration clause of the mortgage notwithstanding its knowledge of the waiver rendering the said covenants and acceleration clause void." Defendants pray "that they be allowed after an accounting * * * the full credit of the said" sums paid for improvements and on the indebtedness, to-wit: "aggregating approximately seventeen thousand dollars and that the court decree the plaintiff entitled to only the difference between the same" and the $20,000.00 mortgage debt, *viz.*, $3,000.00 plus the interest due on the said indebtedness.

Since at the time the suit was brought the acceleration covenants of the mortgage had by the passage of time ceased to be operative, the "valuable considerations" alleged were the agreement "to disregard maturities and covenants of defeasance," on condition that the mortgagor would improve the property thereby increasing the security of the mortgagee and would make such payments as he could on the mortgage debt.

Even if there be a valuable consideration making the alleged agreement of the mortgagee "to disregard maturities and covenants of defeasance," binding upon the mortgagee and her assignee, the agreement fixes no limit for the forebearance, and it does not appear when the agreement was made. The first extension expired October 3, 1930, and this suit was instituted July 23, 1931. It does not appear that any of the improvements were made after the alleged agreement, except that it is alleged the mortgagor "in consideration of the said waiver expended approximately" $11,000.00 for improvements. An agreement of the mortgagee "to disregard maturities and covenants of defeasance" did not relinquish any of the debt; and as the time of the alleged forebearance is not shown, except that it is alleged the assignment of the mortgage to the plaintiff was "regardless of the waiver," which may be a mere conclusion, since the period of alleged "waiver" is not shown, the counterclaim for a credit of $17,000.00 is not sufficient in law as a pleading and it was not error to dismiss it. There is no showing that a request to amend the counterclaim was made and denied.

A special master was appointed November 19, 1931, to take the testimony upon the issues in the cause.

On February 13, 1932, the defendants moved for an

extension of forty-five days for the taking of testimony on the following grounds:

"I. The time for taking testimony will expire February 14th, 1932.

"II. The principal defendant herein, George T. Christie, met with a serious accident on or about the 30th day of January, A. D. 1932, and since that time has been confined in his bed in a dangerously ill condition—all of which will more fully appear by the certificate of Dr. Henry Palmer, attached hereto and made a part of this motion.

"III. Such defendants had set the time for taking their testimony in said cause on the 10th day of February, A. D. 1932, but on account of the illness of the said George T. Christie, as aforesaid, it was impossible for such testimony to be taken, is impossible now, and will remain impossible for a period of about thirty days."

"Said defendants expect to prove by the said witness, George T. Christie, that he, the said George T. Christie, purchased the land involved in this suit from one Florence R. S. Phillips for the sum of $35,000.00—of which amount $15,000.00 was paid in cash and subsequent payments on the principal amount of said indebtedness had been made in the amount of at least $4,000.00; that since acquiring title to said lands, said George T. Christie has placed improvements thereon valued at upwards of $11,000.00 and that the said land at the present time has a value of upwards of $100,000.00; that subsequent to the due date of all of the notes secured by the mortgage being foreclosed in this suit and prior to the assignment thereof by the said Florence R. S. Phillips and the Lewis State Bank of Tallahassee to the complainant, and while the said Florence R. S. Phillips was the owner of the said notes and mortgage, the said Florence R. S. Phillips agreed with the said defendant,

George T. Christie, that she would not foreclose the said mortgage, but that the said defendant could go ahead with his planned improvements of said property and make such payments upon the indebtedness as he could from time to time."

The motion was denied.

The motion to extend the time for taking testimony alleges "that since acquiring title to said lands," which was in 1925, the mortgagor defendant "has placed improvements thereon valued at upwards of $11,000.00." This allegation as to when the improvements were made tends to emphasize the insufficiency of the counterclaim which was dismissed; and as there was no error in striking a portion of the answer, the evidence sought to be adduced as shown by the motion for extension of time to take testimony would be unavailing as a defense or as a counter claim; therefore, it was not error to deny the motion for extension of time to take testimony.

A decree was rendered for the complainant covering the indebtedness of $18,618.11, taxes paid and interest thereon $1,003.25, and solicitor's fee $750.00.

After the final decree, dated February 25, 1932, was rendered, the defendants on March 19, 1932, moved "the court to vacate and set aside the final decree rendered herein on the 25th day of February, A. D. 1932, and to vacate, set aside and declare null and void all proceedings had and taken in the above entitled cause since the last day of January, A. D. 1932, on the following grounds, to-wit:

"I. The complainant herein, a corporation organized and existing under the laws of the State of Florida, has not and/or had not on, to-wit, the 19th day of March, A. D. 1932, filed a report in the office of the Secretary of State of the State of Florida, as provided by Chapter 14677, Acts

of 1931, as amended by Chapter 15726, Acts of 1931, of the Legislature of the State of Florida.

"2. The complainant herein, a corporation organized and existing under the laws of the State of Florida, has not and/or had not on, to-wit, the 19th day of March, A. D. 1932, paid to the Secretary of State of the State of Florida, the tax provided for in Chapter 14677, Acts of 1931, as amended by Chapter 15726, Acts of 1931 of the Legislature of the State of Florida.

"3. The said complainant has not had the right, since the last day of January, A. D. 1932, to maintain this action. Defendants attach hereto and file herewith as a part of this motion, a certificate duly signed and sealed by the Hon. R. A. Gray, Secretary of State of the State of Florida, showing the non-compliance of the complainant with the provisions of the laws of the State of Florida referred to in this motion."

This motion was denied. Defendants appealed from the final decree and from the order denying the motion to vacate the final decree.

A compliance with the provisions of the statute referred to in the motion to vacate the final decree "is not a condition precedent to the right of the corporation to maintain an action in the courts of this State but that the defense of failure to comply with the provisions of the statute is one that should be especially pleaded." Ronco Grove Co. v. Coe Mortimer Co., 83 Fla. 370, 91 So. 265; Farrell v. Forest Investment Co., 73 Fla. 191.

"To open up a final decree after twenty days in order to let in a defense, it must be shown that there was deceit, surprise or irregularity in obtaining the decree, that the defendant acted *bona fide* and with reasonable diligence, that he has a meritorious defense, and that strong and

unavoidable circumstances exist, excusing the failure to answer at the proper time and the proposed answer should be exhibited at the time of making the application." People's Realty Co. v. Southern Colonization Co., 78 Fla. 628, 83 So. 527.

It was stated at the bar by counsel and not questioned that the reports and payments required by the statute were complied with by the corporation before the motion to vacate the final decree was heard by the court. The purpose of the statute is the collection of an excise tax.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

### ON MOTION FOR REHEARING.

PER CURIAM.—Where more than twenty days after final decree for complainant domestic corporation on the merits, the defendant moves the Court to vacate the final decree and to declare null and void all proceedings in the cause since a given date on the ground that complainant corporation had not filed the report and paid the tax required by statute which withholds permission to maintain the suit until such reports are filed and all fees due are paid, and attaching an official certificate showing non-compliance with the statute, the Court on appeal will not be held in error for denying the motion, particularly when counsel states in argument at the bar of the appellate court it is not questioned, that the report and payment required by the statute were complied with before the motion to vacate the final decree was heard by the court below.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.