R. P. Burton v. Oliver Farm Equipment Sales Co., Etc.

163 So. 468.
Division B.
Opinion Filed October 4, 1935.
Rehearing Denied October 23, 1935.

*F. R. Hocker,* for Appellant;

*C. A. Savage, Jr.,* for Appellee.

Terrell, J.—This is a suit by appellee, a Maryland Corporation, to foreclose a chattel mortgage. A foreclosure decree was entered and at the sale the appellee (complainant below) purchased the chattels and secured a deficiency decree against appellant in the sum of $500.00. The instant appeal is from that decree.

It is first contended that this suit should be abated because the plaintiff, appellee here, is a Maryland corporation and had not at the time of filing its bill of complaint qual-

ified to do business in this state by filing its charter and paying the requisite fee as the law directs.

Section 4098, Revised General Statutes of 1920, Section 6029, Compiled General Laws of 1927, among other things, provides that no action shall be maintained or recovery had in any of the courts of this state by any foreign corporation until it qualifies to transact business as required by law.

It will be observed that the statute inhibits the maintenance of any action or suit. It makes no reference to the institution of one. The rule generally approved is that where the statute forbids the maintenance of a suit by a foreign corporation it is not prohibited from instituting one, but if challenged further action on it is stayed or it becomes dormant pending the corporation's compliance with the law. In the case at bar appellee had not qualified at the time suit was instituted but did so during the progress of the suit and prior to final decree. This was sufficient. Christie v. Highland Waterfront Co., 114 Fla. 263, 153 So. 784; Jarvis v. Chapman Properties, Inc., 110 Fla. 17, 147, So. 860; 12 R. C. L. 86.

It is next contended that the court below erred in its decree of foreclosure because appellee, when executing said mortgage, was transacting business in this state in violation of Chapter 12421, Acts of 1927, providing punishment for and prohibiting the use of misleading trade names. Section 1 of Chapter 12421, Acts of 1927, is as follows:

"That no natural person nor group of natural persons, not having previously incorporated under the laws of the State of Florida, or in the case of a foreign corporation, not having previously complied with the corporation laws of this State, shall do business for profit under any trade name or style, which includes the word, "corporation," or the word, "company," or the word, "association," or the

word "society" unless said trade name or style also includes the words, "not incorporated," wherever publicly displayed, on a sign board, in advertising, in printed matter, or in any other manner."

Appellee, a Maryland Corporation, is charged with doing business in Florida through an agent and under the trade name of "Ocala Farm Equipment Company" which did not include the words, "not incorporated," as required by the law as thus quoted.

In the title the Act is restricted in its application to "unincorporated companies." Appellee challenges the validity of said Act, which we are not now required to determine. If the Act has any application to appellee the punishment imposed by it is restricted to fine or imprisonment and in no way affects the validity of contracts made in violation of it. Acts of this kind will not be construed to invalidate contracts made contrary to them unless they in terms so provide.

In conclusion it is contended that the chattels described in the mortgage were sold under warranty and failing to perform the functions they were warranted to perform, hence appellant should not be required to pay for them.

It is shown that the chattels in question were sold under written contract which contained no condition of warranty, the question of warranty being one of parole. The evidence on this point is in hopeless conflict and embraces only that of the parties to the transaction. The chancellor resolved it against appellant and we cannot see that we would be warranted in holding him in error.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.