### MATANZAS PACKING CO., Inc., v. RAYONIER, Inc.
#### No. 13842.

United States Court of Appeals, Fifth Circuit.

April 1, 1952.

Jaquelin J. Daniel, Allen L. Poucher, Jacksonville, Fla., for appellant.

Warren L. Jones, William L. Durden, Jacksonville, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, Circuit Judge.

PER CURIAM.

This appeal from a summary judgment dismissing plaintiff's suit for delinquency in filing report and paying tax under Florida Statutes 1949, §§ 610.07 [1] 610.08, [2] and 610.-11, [3] F.S.A. presents for our decision a single question.

This question is whether, under the undisputed facts [4] in this case, the judgment dismissing plaintiff's suit for delinquency was rightly entered, or whether, as contended by plaintiff, the delinquency had been removed by filing the report and paying the tax, and the judgment was, therefore, wrong.

Considering the statute, relied on by the defendant and the district judge, on its face and apart from the decisions construing it, we are of the clear opinion: that the filing of the report and payment of the tax, before the suit was dismissed, at once brought to an end, and removed the effects of, the delinquency; and that the judgment of dismissal may not stand. Reference to, and examination of, the authorities cited by appellant [5] but serves to reinforce that opinion.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

1. This section fixes July 1st of each year as the date for filing a sworn corporation report with the Secretary of State.

2. This section obliges each corporation required to file a report to pay a filing fee or tax.

3. This section provides: "Any corporation failing to comply with the provisions of this law for six months shall not be permitted to maintain or defend any action in any court of this state until such reports are filed and all fees due under this chapter paid."

4. Briefly summarized, they are:
   (1) On July 1, 1949, plaintiff's annual report became due;
   (2) On July 21, it filed this suit;
   (3) On Jan. 1, 1950, it became delinquent in the payment of its corporation capital stock tax, which became due July 1, 1949;
   (4) On May 15, 1950, defendant for the first time filed and served an answer containing its fourteenth defense, that plaintiff was so delinquent and had forfeited its corporate charter privilege and therefore could not maintain the suit;
   (5) On June 14, plaintiff filed a motion to strike this and other defenses;

   (6) On Sept. 13, 1950, defendant moved for judgment on the pleadings, and on the same day offered for consideration an affidavit of the Secretary of State, dated Aug. 30, 1950, showing that plaintiff was in arrears in the payment of its annual corporation capital stock tax;
   (7) On Sept. 13, 1950, plaintiff offered a telegram from R. A. Gray dated that day showing that plaintiff's report and all taxes due had been received; the affidavit and the telegram, the verity of the facts in which are admitted, were presented to, and received by, the court on that day but no action was taken until nearly a year later when, treating the motion for judgment on the pleadings as a motion for summary judgment, the court found the foregoing facts to be true and based on that finding entered judgment.

5. Jarvis v. Chapman Properties, Inc., 110 Fla. 17, 147 So. 860; Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320; Christie v. Highland Waterfront Co., 114 Fla. 263, 153 So. 784; Irvin v. Gilson Realty Co., 117 Fla. 394, 158 So. 77; Diaz v. Parkland Estates, 114 Fla. 273, 154 So. 199; Burton v. Oliver Farm Equip. Sales Co., 121 Fla. 148, 163 So. 468.