138 So.2d 756 (1962)
AMERICAN LAND DEVELOPMENT CORPORATION, a Florida Corporation, Appellant,
v.
Elsie A. HILLMAN, Appellee.
No. 2657.
District Court of Appeal of Florida. Second District.
March 21, 1962.
William O. O'Donnell, Orlando, for appellant.
Salvatore R. Scarito, Orlando, for appellee.
ALLEN, Judge.
Appellant, corporation, plaintiff below, has perfected an appeal against the defendant in an action filed through a complaint in the lower court, asserting that the dismissal of appellant's complaint upon motion of appellee was error.
Plaintiff corporation brought suit against the defendant on January 17, 1961, seeking to recover certain principal and interest charged and paid to defendant which, it was alleged, amounted to a violation of section 687.07, Florida Statutes, F.S.A., providing for forfeiture and penalty in the event that a rate of interest giving rise to criminal usury were charged. Defendant filed a motion to dismiss on February 8, 1961, stating as the ground that the complaint failed to state a cause of action. Hearing was had on the motion on April 10, 1961, (the date recorded for this hearing differs in the brief of appellee, it being there reflected as April 13, 1961). At this hearing the defendant challenged the right of plaintiff corporation to maintain the suit, stating that plaintiff had failed to pay certain corporate taxes and file certain corporation returns required by sections 608.32 and 608.33, Florida Statutes, F.S.A. Defendant quoted section 608.35 as authority for her position.
"608.35. Penalty for failure to file report and pay tax.  Any corporation failing to comply with the provisions of §§ 608.32 and 608.33 for six months shall not be permitted to maintain or defend any action in any court of this state until such reports are filed and all taxes due under this chapter be paid."
The defendant then offered to introduce into evidence a letter from the Secretary of State of Florida showing that plaintiff had not filed the reports or paid the taxes. The court, however, refused to consider the letter, stating that it was improperly submitted, *757 was incompetent evidence, and had not been served on plaintiff's counsel. The motion was denied and defendant was granted 20 days in which to file her answer. The order of dismissal, however, provided that the court would consider an appropriate motion based upon section 608.35 at any stage of the proceeding. The following day the defendant filed a proper motion to dismiss upon specific grounds coupling it with a certificate from the Secretary of State showing the corporation delinquencies, and attaching a notice of hearing.
A second hearing was held on April 18, 1961, but at this time the president of plaintiff corporation testified that he had deposited in the mails the requisite corporate returns and taxes on the afternoon of April 13, 1961. The court took the matter under advisement. Before the order was rendered plaintiff filed a certificate from the Secretary of State asserting that the corporation had complied with the statutory requirements.
The circuit judge, on the 2nd day of May, 1961, entered the order appealed from dismissing plaintiff corporation's suit for failure to comply with statutory requirements.
The purpose of F.S. Section 608.35, F.S.A., is to force the collection of delinquent capital stock taxes.
Our Supreme Court has held in the case of Christie v. Highland Waterfront Co., 1934, 114 Fla. 263, 153 So. 784, that the defense of failure to comply with the provisions of the statute requiring corporate reports, etc., should be specially pleaded.
At the hearing before the lower court on April 13th upon the defendant's motion to dismiss for failure to state a cause of action, there were no pleadings before the court properly raising the question of delinquency. The court denied the defendant's motion above stated. This question was properly raised by the defendant on the 14th day of April. Apparently by this time the plaintiff corporation had filed the necessary returns and paid the taxes for which it was delinquent, according to the testimony of the officer of the plaintiff corporation at the hearing on the motion to dismiss on April 18th. The court did not, however, rule on this motion until the order bearing date of May 2nd, 1961, and recorded on the 9th day of May, 1961, before which time a certificate had been received from the Secretary of State showing the filing of the delinquent returns, etc., in his office on the 14th day of April, 1961.
It is the opinion of this court that since the returns have been filed and the taxes have been paid, it was error for the lower court to have dismissed the complaint.
The Florida Supreme Court in the case of 1825 Collins Ave. Corp. v. Rudnick, Fla. 1953, 67 So.2d 424, held, where the plaintiff filed all necessary returns and paid all corporation taxes due the state before hearing could be held on a motion for summary judgment filed by the defendants which challenged the plaintiff's right to maintain such an action for failure to make the reports and pay the tax as required by law, that the trial court properly refused to dismiss the suit and properly heard and decided the defendants' motion for summary judgment on the merits and entered judgment in the defendants' favor.
It should be noted that in the above case no motion to dismiss was filed because of the plaintiff corporation's delinquency but the defendants filed an answer setting up a failure to pay such taxes and make corporate returns, while later the defendants moved for the entry of a summary judgment in their favor on the merits. In this motion they pointed out again the corporation's delinquency in respect to making its reports and paying its corporate taxes. Before a hearing could be held on a motion for summary judgment the plaintiff corporation filed all necessary returns and paid taxes due the state. Subsequently at the time of the hearing, the plaintiff corporation advised the trial judge that in light of the defendants having raised the question of the corporation's failure to comply with *758 the law, it was disqualified to maintain this suit and that consequently its suit ought to be dismissed. The trial judge advised that the taxes had been paid and proceeded to enter a summary judgment on the merits against the corporation. The Court, in its opinion, stated:
"* * * There can be no other conclusion upon the state of the facts as they actually existed at the time of the ruling, even though they were unknown to the trial court; for the rule is clear from the controlling cases that disqualification to maintain a suit, under section 610.11, Florida Statutes 1951, F.S.A., merely renders the cause dormant until the corporation files its report and pays the delinquent tax; whereupon the right to continue the maintenance of the suit is revived and all the legal rights of the corporation are restored. Jarvis v. Chapman Properties, Inc., [110 Fla. 17, 147 So. 860], supra. This rule, of course, is subject to the qualification that where a party obtains a ruling on a motion to dismiss under section 610.11 before the delinquency has been cured such party is entitled to have the suit dismissed on the motion. See Irwin v. Gilson Realty Company, 117 Fla. 394, 158 So. 77." (Emphasis added.)
It is further stated:
"What is said above in respect to the situation that obtains where a corporate plaintiff becomes delinquent after it has instituted suit, is likewise applicable to the case in which the corporate plaintiff is in default at the time of the institution of suit. This is so for the reason that section 610.11, Florida Statutes 1951, F.S.A., does not preclude the institution of suit but only the maintenance of suit while it is in arrears. `The rule generally approved is that where the statute merely forbids the maintenance of a suit * * * it is not prohibited from instituting one; but, if challenged, further action on it is stayed or it becomes dormant pending the corporation's compliance with the law. * * *' Burton v. Oliver Farm Equipment Sales Co., 121 Fla. 148, 163 So. 468, 469.
"At the time the court ruled on the motion for summary judgment and rendered its final judgment on the merits, the plaintiff corporation was in good standing under chapter 610, Florida Statutes 1951, F.S.A., and was entitled to go forward with its suit. Being lawfully entitled at that time to maintain suit, it was under the duty and obligation, if it desired to protect its rights, to respond on the merits of the motion. Having failed to do so it cannot now be heard to complain merely because of the fact that the trial court refused to act favorably upon its suggestion that its own suit be dismissed upon the ground of a delinquency that did not then exist."
The United States Court of Appeals, Fifth Circuit, in the case of Matanzas Packing Co. v. Rayonier, Inc., 195 F.2d 523, reversed the United States District Court for dismissing a suit on the grounds that the corporation was delinquent in filing reports and paying the corporate capital stock tax, since the delinquency of the corporation was removed upon the filing of the reports and the payment of the tax before dismissal. The Court, in footnote 4 of the opinion, summarized the facts as follows:
"(1) On July 1, 1949, plaintiff's anual report became due;
"(2) On July 21, it filed this suit;
"(3) On January 1, 1950, it became delinquent in the payment of its corporation capital stock tax, which became due July 1, 1949;
"(4) On May 15, 1950, defendant for the first time filed and served an answer containing its fourteenth defense, that plaintiff was so delinquent *759 and had forfeited its corporate charter privilege and therefore could not maintain the suit;
"(5) On June 14, plaintiff filed a motion to strike this and other defenses;
"(6) On Sept. 13, 1950, defendant moved for judgment on the pleadings, and on the same day offered for consideration an affidavit of the Secretary of State, dated Aug. 30, 1950, showing that plaintiff was in arrears in the payment of its annual corporation capital stock tax;
"(7) On Sept. 13, 1950, plaintiff offered a telegram from * * * [Secretary of State] dated that day showing that plaintiff's report and all taxes due had been received; * * *."
The hearing was apparently held on the 13th of September, 1950, at which time the above data was brought to the attention of the lower court, but no action was taken until nearly a year later. The district court found the foregoing facts to be true and based on that finding, entered judgment dismissing the action. The Court of Appeals, in its opinion, said:
"This question is whether, under the undisputed facts in this case, the judgment dismissing plaintiff's suit for delinquency was rightly entered, or whether, as contended by plaintiff, the delinquency had been removed by filing the report and paying the tax, and the judgment was, therefore, wrong.
"Considering the statute, relied on by the defendant and the district judge, on its face and apart from the decisions construing it, we are of the clear opinion: that the filing of the report and payment of the tax, before the suit was dismissed, at once brought to an end, and removed the effects of, the delinquency; and that the judgment of dismissal may not stand. Reference to, and examination of, the authorities cited by appellant [Jarvis v. Chapman Properties, Inc., 110 Fla. 17, 147 So. 860; Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320, 141 So. 604; Christie v. Highland Waterfront Co., 114 Fla. 263, 153 So. 784; Irwin v. Gilson Realty Co., 117 Fla. 394, 158 So. 77; Diaz v. Parkland Estates, 114 Fla. 273, 154 So. 199; Burton v. Oliver Farm Equip. Sales Co., 121 Fla. 148, 163 So. 468] but serves to reinforce that opinion."
It is the view of this court that since the plaintiff corporation had complied with the statutory law of this state and had removed its delinquency prior to the dismissal by the lower court, it was error to dismiss its suit.
Reversed.
SHANNON, C.J., and WHITE, J., concur.