165 So.2d 795 (1964)
BABE, INC., a Florida Corporation, Appellant,
v.
BABY'S FORMULA SERVICE, INC., a Florida corporation, Appellee.
BABY'S FORMULA SERVICE, INC., a Florida corporation, Appellant,
v.
BABE, INC., a Florida corporation, Appellee.
Nos. 63-531, 63-638.
District Court of Appeal of Florida. Third District.
June 16, 1964.
Rehearing Denied July 24, 1964.
*797 Taylor, Brion & Rollins, Miami, for Babe, Inc.
Robert C. Lane, Miami, for Baby's Formula Service, Inc.
Before BARKDULL, C.J., and HORTON and HENDRY, JJ.
HENDRY, Judge.
Plaintiff-appellant appeals and defendant-appellee cross-appeals from a final judgment entered pursuant to a jury verdict of $21,215.00 in favor of the plaintiff and $2,092.72 in favor of the defendant, on its counter-claim, leaving a balance of $19,122.28 in favor of the plaintiff.
Plaintiff entered into a contract[1] with defendant whereby plaintiff would be the sole distributor, in a five county area on the west coast of Florida, for defendant's prepared baby formula. The mechanics of the operation consisted of the defendant preparing and delivering the formula to the plaintiff in St. Petersburg from its plant in Miami. The defendant was to deliver the product in sealed containers which the plaintiff never disturbed, thereupon, plaintiff delivered the formula in the same containers to its customers.
The contract was entered into on October 15, 1959, and provided for the payment by the plaintiff of $10,000.00 to the defendant for the exclusive franchise to the plaintiff. The plaintiff paid $5,000.00 to the defendant at the execution of the agreement, and was obligated to pay the balance six months later on April 14, 1960.
As a result of the execution of this agreement, the plaintiff invested sums of money in establishing a place of business in St. Petersburg, and solicited business from various hospitals and other users of the formula for infants. Things proceeded smoothly for several months until problems developed, and of course, at this point the facts became contested and the versions of what occurred varied.
The plaintiff began complaining that the formula which it was receiving was spoiled, and could not be used. As a result of continued receipt by the plaintiff of spoiled formula monthly billing was not paid and credits were not given for returned formula. During this same period of time, the $5,000.00 became due and was not paid. The parties agreed to having the payments made at a later date and in a different manner. The plaintiff also failed to make payments for a certain amount of merchandise that had been shipped and used by the plaintiff.
The plaintiff continued to receive spoiled formula from defendant, even after much complaining, and this finally resulted in plaintiff losing all of its customers and going out of business. The instant action was instituted to recover damages suffered by the plaintiff for the breach of the contract by the defendant. The defendant counter-claimed for the recovery of merchandise used but not paid for by the plaintiff, and for the unpaid $5,000.00.
After a trial by jury, plaintiff was awarded $21,215.00 as damages on its complaint, and defendant was awarded $2,092.72 on its counter-claim as a set-off leaving a balance in plaintiff's favor of $19,122.28.
*798 Plaintiff appeals seeking a new trial based on the refusal of the trial court to charge the jury that plaintiff was entitled as part of its damage, loss of future profits.
Defendant cross-appealed raising seven points, all of which have been considered, and those that are not specifically dealt with in this opinion have been deemed to be without merit.
The plaintiff's assignment of error is found to be without merit and the trial court is affirmed. Plaintiff correctly contends that prospective profits are a permissible element of a breach of contract action,[2] but fails to realize that prior to its consideration by the jury there must be sufficient proof thereof.[3]
The Supreme Court in the Utility Battery case, supra, note 3, considered this point and explained:
"The general rule is that the anticipated profits of a commercial business are too speculative and dependent upon changing circumstances to warrant a judgment for their loss. There is an exception to this rule, however, to the effect that the loss of profit from the interruption of an established business may be recovered where the plaintiff makes it reasonably certain by competent proof what the amount of his actual loss was."
The trial judge correctly ruled that plaintiff had failed to produce sufficient proof to entitle it to go to the jury on this issue, and correctly instructed the jury in regard to the measure of damages.
Defendant, first raises as error the failure of the trial court to direct a verdict or in the alternative dismiss the complaint. The basis alleged in support of this relief is the failure of plaintiff to make the $5,000.00 payment of April, 1960 pursuant to the contract thereby failing to perform a condition precedent to defendant's contractual obligation. Defendant correctly argues that in order for the plaintiff to maintain its contract action, it must first establish performance on its part of the contractual obligations thereby imposed.[4] However, defendant fails to recognize the similarly well established exception to this principle that, one who makes impossible a happening of the condition precedent may not take advantage of it, and avoid his liability on the contract.[5]
In the present litigation, it was vigorously contended by defendant that plaintiff first breached the contract by failing to make the $5,000.00 payment, and on the other hand plaintiff just as energetically protested that defendant first breached the contract by supplying plaintiff with spoiled formula, thereby excusing plaintiff's further performance under the contract. The question of who first breached the contract was clearly one for the jury, and they evidently decided that question in plaintiff's favor. It was therefore not error for the trial court to so rule.
Defendant next objects to the trial court permitting the plaintiff's witness to testify to statements made by the defendant's officer, as to events which occurred prior to the execution of the contract. Again, as a general rule, such testimony would be inadmissible,[6] but here it comes within an exception to the rule where such testimony is permitted in order to explain and make clear an ambiguous portion of *799 the contract.[7] We agree with the trial court that the phrase in the contract, "the home office hereby warrants that the quality of its product will at all times remain at the present high level," is ambiguous, and required testimony to determine the meaning and import of that term.
The defendant next contends that the agreement between the parties extending the time within which the plaintiff would pay the second $5,000.00 was a novation thereby extinguishing the original contract and substituting a new one. A very careful scrutiny of the record which was submitted to this court reveals that the first mention of the word novation was made in the defendant's motion for a judgment non obstante veredicto. A novation is in the nature of an affirmative defense, and must therefore be pleaded and proved.[8] Having failed to comply with this requirement, this issue is not properly before us. An appellate court may not consider what has not been raised below.[9]
Defendant's raising of the plaintiff's failure to comply with chapter 608, Fla. Stat., F.S.A., was similarly too late. The rule is well settled that a law suit may be maintained if there has been compliance with the statute prior to the dismissal of the suit.[10]
The record discloses that this occurred in our case. Further, it is well settled that in order to avail oneself of the defense of § 608.35, it must be specifically pleaded,[11] and such did not occur in the instant suit.
As noted previously those errors raised by defendant and not discussed herein were considered and deemed to be without merit. Accordingly, the judgments appealed from are affirmed.
Affirmed.
NOTES
[1] Technically the agreement was signed by defendant and the president of plaintiff corporation who immediately assigned the contract to the plaintiff.
[2] Twyman v. Roell, 123 Fla. 2, 166 So. 215.
[3] New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856; All Florida Surety Company v. Vann, Fla.App. 1961, 128 So.2d 768.
[4] Otstott v. Merryman, 71 Fla. 352, 71 So. 278; Thomson v. Kyle, 39 Fla. 582, 23 So. 12.
[5] 7 Fla.Jur. Contracts § 148.
[6] Gendzier v. Bielecki, Fla. 1957, 97 So.2d 604.
[7] Friedman v. Virginia Metal Products Corp., Fla. 1952, 56 So.2d 515.
[8] 39 Am.Jur., Novation §§ 30-34.
[9] See, Chomont v. Ward, Fla. 1958, 103 So.2d 635.
[10] American Land Development Corporation v. Hillman, Fla.App. 1962, 138 So.2d 756.
[11] Christie v. Highland Waterfront Co., 114 Fla. 263, 153 So. 784.