208 So.2d 489 (1968)
Dr. J. Peter MARINELLI, Elizabeth M. Marinelli, John H. Garner and Christine L. Garner, As and Constituting the Surviving Directors and Trustees of St. Pete Auto Parts, Inc., a Dissolved Florida Corporation, Appellants,
v.
Gilbert C. WEAVER, Appellee.
No. 7179.
District Court of Appeal of Florida. Second District.
March 20, 1968.
W. Furman Betts, Jr., St. Petersburg, and Louis Pitcher, Madeira Beach, for appellants.
McCutcheon, Fleece & Kennedy, St. Petersburg, for appellee.
PIERCE, Judge.
This is an appeal by Dr. J. Peter Marinelli and Elizabeth M. Marinelli, as and constituting the surviving Directors and Trustees of St. Pete Auto Parts, Inc., a dissolved Florida Corporation, from a final decree entered against them and certain other defendants in a suit to quiet title.
On September 10, 1965, plaintiff below, Gilbert C. Weaver, filed his complaint in the Pinellas County Circuit Court to quiet title to certain described real estate in said county, naming as defendants Dr. J. Peter Marinelli, Elizabeth M. Marinelli, John H. Garner, and Christine L. Garner, as and constituting the surviving Directors and Trustees of St. Pete Auto Parts, Inc., a dissolved Florida Corporation. The Garners did not defend and decree pro confesso was duly entered against them in their respresentative capacity. The Marinellis did defend in their representative capacity, and Dr. Marinelli was even allowed to intervene individually at final hearing.
The complaint alleged that on April 16, 1960, plaintiff entered into a written agreement with St. Pete Auto Parts, Inc., a *490 Florida corporation (hereinafter referred to as "the corporation"), under the terms of which plaintiff leased to the corporation the tract involved for a period from April 16, 1960 to April 15, 1975, at a stipulated lease rental; that as of January 2, 1964, the corporation was in default in such rental payments in the sum of $2,500.00; that on January 17, 1964, plaintiff declared the lease cancelled because of such default and re-took possession of the premises; and that because the agreement had been recorded it constituted a cloud upon plaintiff's title, which it was asking the Court to quiet. It was further alleged that the corporation had been officially dissolved by proclamation of the Governor of Florida on June 28, 1965. A certificate by the Secretary of State attesting to such dissolution for failure to pay the stock tax and file the reports as required by law was placed in the record.
After their motion to dismiss the complaint had been denied, the Marinellis in their representative capacity (hereinafter sometimes referred to as "the survivors"), on December 8, 1965, filed answer denying the material allegations of the complaint, whereupon the cause came on for final hearing on January 13, 1966. Plaintiff Weaver proved his case prima facie, showing his ownership of the property, execution of the recorded lease, default in payments, and his retaking of possession in April, 1963.
Plaintiff thereupon rested, and directing the Court's attention to the certificate of the Secretary of State aforesaid, and after arguments and briefs, the Court entered final decree, making findings of fact that (1) the trustees had failed to reinstate the dissolved corporation under F.S. Sec. 608.37, F.S.A., (2) the dissolved corporation under F.S. Sec. 608.35, F.S.A. was without legal authority to further defend the action, (3) the suit was not the type of legal proceeding where the dissolved corporation under F.S. Sec. 608.30, F.S.A. might legally function as a de facto corporation, and (4) plaintiff had prima facie proved his case and was entitled to the relief prayed for. Accordingly the decree cancelled the recorded agreement as a cloud upon plaintiff's title, and barred any further right or claim of defendants in the property involved. The survivors have appealed to this Court from the decree. We affirm.
F.S. § 608.32, F.S.A. requires all domestic corporations to file with the Secretary of State, on or before July 1st of each year, a sworn report containing statutorily required details concerning the corporation and to also pay a capital stock tax in the amount specified in F.S. § 608.33, F.S.A., based on the amount of its capital stock outstanding.
F.S. § 608.35, F.S.A. provides that any corporation so failing to file the report and pay the tax shall, on and after January 1st next ensuing after the July 1st requirement date aforesaid, if said default has continued, "not be permitted to maintain or defend any action in any court of this state until such reports are filed and all taxes due * * * be paid." (Emphasis supplied.)
F.S. § 608.36, F.S.A. provides that any corporation in default for a period of three years in filing the report and paying the tax aforesaid "shall be classed as inactive and subject * * * to dissolution"; that after becoming subject to such dissolution, the Secretary of State on January 1st following must publish newspaper notices that dissolution of the corporation is imminent; that after waiting three months longer the Secretary of State must then certify to the Governor the facts as to such default and the Governor "shall thereupon issue a proclamation and cause the same to be attested by the Secretary of State under the great seal of the State, dissolving" the corporation involved; and thereupon the Secretary of State must remove the name of such corporation "from his active files".
F.S. § 608.30, F.S.A. continues such dissolved corporation as "a body corporate *491 for three years after dissolution" but only for "the purpose of satisfying its liabilities, selling and conveying its property and dividing the net remaining assets among the stockholders but for no other purpose". The same section constitutes the directors as "a board of trustees for the property owned by the dissolved * * * corporation", and that they "shall have power to prosecute and defend, as trustees of the corporation, all suits in progress at the time of dissolution * * * or thereafter arising as may be necessary for closing the affairs of the corporation * * *." (Emphasis supplied.)
F.S. § 608.37, F.S.A. provides for restoration of dissolved corporations to their former active corporate status "by filing with the secretary of state the reports required by § 608.32 and payment of the three years capital stock tax which was due at the time of dissolution".[1] Such "restoration shall be effective from the date of dissolution".
The foregoing statutes are clear, explicit, unequivocal and mandatory. The instant certificate of the Secretary of State shows that St. Pete Auto Parts, Inc., was dissolved by proclamation of the Governor on June 28, 1965, which meant, under the foregoing statutes, that the corporation had been in default at least since July 1, 1961, although only incorporated in 1960. The record also shows that during all the intervening time no effort had been made by the corporation, or by its stockholders or directors, to be reinstated or restored to legal corporate status, not even after October 21, 1965, when the default was specifically raised by the pleadings and at a time when reinstatement could have been easily effected under § 608.37, and which would have restored corporate status from the date of dissolution. So the statutes aforesaid were not only ignored, they were indeed flaunted.
§ 608.35 plainly provides that, when any corporation fails to file the report and pay the taxes due on July 1st, such corporation beginning six months thereafter "shall not be permitted to * * * defend any action in any court of this state" until reinstated as before provided. Assuming the instant default of the corporation began on July 1, 1961 (the latest computable date under the Governor's proclamation of June, 1965), this would mean that, since January 1, 1962, the corporation had been legally precluded from defending any Court action.
The dissolution of the corporation in June, 1965, is of no significance here, inasmuch as it was already, under § 608.35, not "permitted to * * * defend any action in any court of this state", because of being in default under §§ 608.32 and 608.33, for four and a half years.
In Gray v. Central Florida Lumber Co., 1932, 104 Fla. 446, 140 So. 320, the Supreme Court fixed the amenability of corporations to statutory regulation in the following language:
"A franchise to transact business in this state by * * * a domestic * * * corporation is a privilege which may be granted or withheld as the state deems proper. This premise established, it necessarily follows that such a franchise may be granted on such terms as the sovereignty may prescribe so long as not in conflict with the Constitution."
At any time prior to April 6, 1966, even while this suit was pending, the survivors could have restored full corporate capacity to the corporation, and removed all litigious disability because of the previous default, by the simple expedient of filing the back reports and making the back payments.[2] *492 Jarvis v. Chapman Properties, 1933, 110 Fla. 17, 147 So. 860; American Land Development Corp. v. Hillman, Fla. App. 1962, 138 So.2d 756; Babe, Inc. v. Baby's Formula Service, Inc., Fla.App. 1964, 165 So.2d 795, 6 A.L.R.3d 320; Matanzas Packing Co. v. Rayonier, Inc., C.A. 5 Fla., 195 F.2d 523. See also Town of Davie v. Hartline, Fla. 1967, 199 So.2d 280, overruling Irwin v. Gilson Realty Co., 1935, 117 Fla. 394, 158 So. 77, as to the date when restoration may be activated during litigation.
The legal status, or rather lack of it, of a dissolved domestic corporation is pointedly defined by the U.S. Supreme Court in Oklahoma Natural Gas Co. v. State of Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634:
"It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution cannot be distinguished from the death of a natural person in its effect. (Cases cited).
It follows, therefore, that as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation pro hac vice. But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the state which brought the corporation into being."
Since neither the corporation nor the surviving trustees made any attempt to restore the corporate life of the corporation at any stage of the litigation, the Chancellor properly held, in the light of the foregoing authorities, that there was no further legal right to defend the instant action. We might add that, while not controlling, the correctness of our decision here is given added reassurance in the fact that, by the sworn statement in the record of Dr. Marinelli, he was the sole stockholder in the corporation, having previously acquired all of the remaining outstanding shares from the Garners and Elizabeth M. Marinelli. Thus the responsibilitity for taking the requisite steps to avoid forfeiture was fixed.
The decree appealed from is 
Affirmed.
LILES, C.J., and HOBSON, J., concur.
NOTES
[1] This section was amended by c. 65-403, § 6, effective October 1, 1965, which provided payment of an additional amount "equal to the tax which would have been due and payable each year had there been no dissolution" and required all payments to be made to the state revenue commission created by c. 63-253, § 2; F.S. § 213.02, F.S.A., rather than the Comptroller.
[2] Between October 1, 1965 and April 6, 1966 these "back payments" would have been the three years' tax due at dissolution plus what the subsequent taxes would have been to date of re-instatement (see marginal note 1), but prior to October 1, 1965 it would have been only the amount due at dissolution.