**CENTER CHEMICAL COMPANY,**
Appellant,

v.

**AVRIL, INC., Appellee.**

No. 24403.

United States Court of Appeals
Fifth Circuit.

April 11, 1968.

Melvin T. Boyd, Blackwell, Walker & Gray, James E. Tribble, Miami, Fla., for appellant.

Robert Scott Kaufman, Miami, Fla., for appellee.

Before JONES and GODBOLD, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge:

Appellee, Avril, Inc., in a diversity case, sued appellant, Center Chemical Company, for breach of a written requirements contract of June 3, 1957. In the contract Avril agreed to sell to Center for twenty years certain enumerated commercial cleaning products "at its published list price less a discount of 45%", and gave Center the exclusive right to sell these products within the State of Florida. In return, Center agreed to buy only from Avril and to limit its sales to Florida. The contract was in force for slightly over four years before the breach occurred. Avril seeks damages for loss of future profits for the remaining six-

teen years. The jury returned a verdict for Avril in the amount of $32,000.00.

Avril agreed that its published list price, which was to be used in determining the price to be paid by Center should be competitive with the list price of two of its competitors, DuBois and Economics, for comparable products. The contract further provided for the restriction and termination of Center's exclusive rights if its volume of sales did not meet certain specific monthly minimums.

On September 12, 1961, Center stopped purchasing from Avril. This action constituted a breach of contract. Appellant does not dispute this finding.

In attempting to prove its damages for loss of prospective profits, appellee relied almost entirely upon the testimony of its accountant, Richard Yotter, whose testimony was limited to an evaluation of Avril's net profits from sales to appellant during the four years that the contract was in force. Yotter arrived at his gross figure for each of these years by subtracting the cost of the goods to Avril from the price at which they were resold to Center. Then an arbitrary fifty dollar per year figure was deducted from the gross profit in order to arrive at the net figure. The fifty dollar amount allegedly represented the cost to Avril to service the account but was not supported by any competent substantial evidence. This sparse testimony was all that the jury had upon which to base its verdict.

It being undisputed that Center breached the contract sued upon, the next question is whether or not this evidence was sufficient to enable the jury to properly assess damages for loss of future profits, and whether Florida or Pennsylvania law as to damages is applicable.

■■ The Supreme Court, in Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), held that in a diversity suit the federal court is bound to follow the conflict of laws rules prevailing in the state in which it is sitting. The applicable conflicts rules to be followed in contract cases were settled by the Supreme Court

of Florida in Walling v. Christian & Craft Grocery Co., 41 Fla. 479, 27 So. 46, 49, 47 L.R.A. 608 (1899). There appellant claimed in Florida the status of a femme sole to the extent accorded to her under an Alabama statute by a decree of a chancery court in Alabama. In holding that Florida law was controlling in determining the status of appellant, the Supreme Court of Florida stated:

"* * * It was decided in Scudder v. Bank, 91 U.S. 406, 23 L.Ed. 245, that matters bearing upon the execution, interpretation, and validity of a contract are determined by the law of the place where it is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy depend upon the law of the place where the suit is brought. * * *"

■ The contract specifically provided that Avril's products were to be sold by Center exclusively within the State of Florida over a twenty year period from 1957. Center breached its duty to perform the contract and damages from the breach are directly related to the performance of the contract. The appropriate law for determining the recoverable elements of damage would clearly appear to be the substantive law of Florida where the contract according to its terms was to be performed. See 2 Beale, Conflict of Laws, 1935 Edition, Section 413.1; Restatement, Conflict of Laws (1934), Section 413. In addition, the record herein reveals that the parties tried this case with the court applying the law of Florida as to damages for breach of the contract without objection from either side.

■■ There can be no recovery under Florida law where the evidence is not sufficient to enable the jury to assess damages with a reasonable degree of certainty without leaving the amount awarded to speculation and conjecture. This was clearly set forth in the landmark decision of Hodges v. Fries, 34

Fla. 63, 15 So. 682, 684 (1894), when the Supreme Court of Florida said:

"In estimating damages, profits that are speculative or conjectural are not generally regarded as elements. Such profits are rejected, not because there is anything in their nature per se which demands their rejection, but in obedience to the well-established common-law rule that all damages recovered for a breach of contract must be proven with certainty, and not left to speculation or conjecture." [1]

 Damages in a case like this are inherently difficult of proof, where the contract had sixteen years before termination. How can it be accurately estimated what quantity of goods would have been required by Center over a sixteen year period? The contract price was not certain, as it was to be redetermined periodically by a formula contingent upon changing market conditions over the entire sixteen year period. Avril had the power to terminate the agreement in the event that Center failed to meet a certain monthly minimum of sales; so the duration of the contract period was also indefinite.

Because of the paucity of the evidence presented by Avril as to the damages it suffered the jury had to rely upon speculation and conjecture in arriving at its verdict. This is not to say that damages would be impossible of proof to a legal certainty in this case. But more must be shown than was offered below to justify recovery of lawful damages.

If the appellee is unable to produce evidence to prove damages with reasonable certainty under Florida law so that a jury would not be compelled to rely on speculation and conjecture in assessing damages, then recovery of damages will not be permitted.

The evidence is clear that the contract was breached and the cause is remanded for a new trial on the issue of damages only.

Reversed and remanded.

---

1. Accord, Babe, Inc. v. Baby's Formula Service, Inc., Fla.App., 165 So.2d 795, 6 A.L.R.3d 320 (1964); Florida Ventilated Awning Co., Inc. v. Dickson, 67 So.2d 215 (Fla.1953); Davis v. Stow, 60 So.2d 630 (Fla.1952); Twyman v. Roell, 123 Fla. 2, 166 So. 215 (Fla.1936); New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856 (Fla.1935).