THOMAS, Justice.
This appeal constitutes a challenge of a decision in a final decree entered by the Circuit Court of Duval County declaring unconstitutional Chapter 65-2426, Laws of Florida, Acts of 1965. It is plain from the record that no attempt whatever was made to comply with the mandate of Sec. 21, Art. Ill of the Florida Constitution, F.S.A., with reference to the enactment of special or local laws. Therefore the validity of the Act must be tested by the law relating to general acts based on population of the area affected.
By its title the Act in question relates to so-called bottle clubs and requires their licensing, and their taxing, in any county of the State having a population of not fewer than 400,000 and not more than 900,-000. Parenthetically, we are told in the brief of the State Beverage Department that the businesses of the appellee had as their “primary purpose of existence * * * the mere establishment and operation of a drinking location as contemplated by Chapter 65-2426 * * This definition is a simplification of the one in Sec. 3 of the Act. But there is no need to dwell upon the nature of bottle clubs for the issue pinpointed in the briefs and in the final decree is whether or not the purpose sought to be accomplished by the laws bears a reasonable relationship to the population bracket.
The chancellor thought it was obvious that the only design in regulating “bottle clubs” was the protection of the health, morals and welfare of the public. Adopting that premise, which we consider a sensible one, we meet an unsurmountable difficulty in attempting to reason that such protection should be afforded once a county reaches the lower population only to be lost when the population becomes 900,000, and more, it would never have the benefit of the law if, by chance, the population increased from 399,999 to 900,001 between a given census and a census ten years later, a situation not inconceivable. And if there happened to be fluctuation at either limitation, the benefit of the Act could apply and be withdrawn census by census.
We commented on such contingencies in Waybright v. Duval County, 142 Fla. 875, 196 So. 430, a decision rendered 27 years ago, and we adhere to that opinion.
*19 The chancellor gave the controversy painstaking consideration and we think arrived at a just conclusion when he held, in effect, that the suspect Act was a special law enacted under the guise of a general one and, therefore, invalid because of disregard of the restrictions in Sec. 21, Art. Ill, supra. We will not disturb his ruling.
Affirmed.
THORNAL, C. J., and ROBERTS, DREW, O’CONNELL, CALDWELL, and ERVIN, JJ., concur.