199 So.2d 280 (1967)
TOWN OF DAVIE, a Municipal Corporation of the State of Florida, Appellant,
v.
H.C. HARTLINE and Mildred Hartline, His Wife, and Exchange Holding Corp., a Florida Corporation, Appellees.
No. 35514.
Supreme Court of Florida.
May 24, 1967.
*281 Paul R. Manning, Hollywood, for appellant.
Houston, Easthope & Stahl, Fort Lauderdale, for appellees.
THOMAS, Justice:
This is an appeal from a final decree directly passing upon the validity of a State statute so we assume jurisdiction under Article V, Section 4(2) of the Florida Constitution, F.S.A.
The salient facts in the litigation are simple as will be seen from a chronological statement of them. Appellees sued Town of Davie seeking a declaratory decree that their properties were illegally annexed on the ground that the statute under which the annexations were made, Section 171.04, Florida Statutes, F.S.A., had been subsequently held unconstitutional. Appellant countered with the assertion that the annexations had been validated by subsequent legislation, Chapter 65-563, Laws of Florida, Acts of 1965, which became a law 25 June 1965. In reply to this the appellees cited the decision of this court in City of Auburndale v. Adams Packing Association, 171 So.2d 161 (Fla. 1965), declaring the relevant part of Section 171.04 unconstitutional, that is, the portion dealing with court review of annexations of contiguous land inhabited by fewer than 10 registered electors but preserving the part of the section providing for annexation by referendum without court review.
In the instant case the chancellor held, quite properly we think, that the annexation of appellees' lands was invalid, citing the Adams case, supra, for authority. And in dealing with the curative effect of Chapter 65-563, supra, he held that it, too, was unconstitutional for at least two reasons, its excessive generality since by it the legislature undertook to validate "`in all respects whatsoever' all annexations to any municipality made prior to July 1, 1964," and further because it was applicable only to municipalities in counties having a population of "not less than sixty-four thousand (64,000) and not more than sixty-eight thousand (68,000) * * *."
On the first phase, that is, the generalness of the provisions of the law, the chancellor's conclusion was well supported by our decisions in Hillsborough County v. Temple Terrace Assets Co., 111 Fla. 368, 149 So. 473 (1933), and Certain Lots Upon Which Taxes are Delinquent, et al. v. Town of Monticello, 159 Fla. 134, 31 So.2d 905 (1947). On the second phase, relative to the "open end" population act, we have often animadverted. The last time was by an opinion, in Morris v. Bryan, Fla., 198 So.2d 18, in which we announced adherence to our decision in Waybright v. Duval County, 142 Fla. 875, 196 So. 430 (1940). This conclusion by the chancellor that the Act was a special act in the guise of a general one and therefore unconstitutional is also approved.
One incidental question raised by the appellant merits our consideration and decision. It is the challenge of the right of the corporate-appellee to bring the suit for declaratory decree in the first place since it had been dissolved by proclamation of the Governor for failure to pay its capital stock tax. Doubtless this was the true situation and the appellant had raised the point via motion to dismiss on this ground and the others to which we have adverted. The court did not rule on the motion to dismiss but deferred the ruling on that motion and one for "partial summary final decree" to allow the corporation to become reinstated. The reinstatement was later effectuated.
Now it is true that by Section 608.35, Florida Statutes, F.S.A., a corporation is restricted in its resort to the courts so long as it is delinquent in the payments of its capital stock tax.
*282 We quote the statute and italicize the words in it that to us seem particularly significant.
"608.35 Penalty for failure to file report and pay tax.  (1) Any corporation failing to file the annual report with the state revenue commission and pay the capital stock tax as required in section 608.33, within six months of the date required herein for filing the return and paying said tax shall not be permitted to maintain or defend any action in any court of this state until such reports are filed and all taxes due under part I of this chapter are paid."
According to the stipulated facts in the record, reinstatement occurred during pendency of the suit, but we think that procedure did not vitiate the whole action. Obviously the disqualification to sue applies only while the tax is delinquent. Therefore, we think that if the default is remedied before final disposition of the case there is no occasion to dismiss. American Land Development Corporation v. Hillman, 138 So.2d 756 (Fla.App. 1962); Babe, Inc. v. Baby's Formula Service, Inc., 165 So.2d 795 (Fla.App. 1964).
We come to the conclusion that no error was committed in the disposition of the case so the decree is-
Affirmed.
THORNAL, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.