406 So.2d 103 (1981)
INDUSTRIAL NATIONAL MORTGAGE COMPANY, Appellant,
v.
A.H. BLAKE, Property Appraiser of Dade County, Board of Tax Adjustment of Dade County, Robert Overstreet, Tax Collector of Dade County, Appellees.
No. 81-348.
District Court of Appeal of Florida, Third District.
November 24, 1981.
Williams, Salomon, Kanner, Damian, Weissler & Brooks and Gary S. Brooks, Miami, for appellant.
Robert A. Ginsburg, County Atty., and Vicki J. Jay, Asst. County Atty., for appellees.
Before DANIEL S. PEARSON and FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
Industrial National Mortgage, a Rhode Island corporation, brought an action in circuit court in 1977 contesting the tax assessment on an apartment complex it owned and operated in southern Dade County. The defendants filed a motion for final summary judgment in 1980 alleging Industrial National's failure to comply with Section 607.354(1), Florida Statutes (1975).[1] The trial court appropriately gave Industrial National ample time to comply with the statutory criteria. Industrial National, in a novel argument, suggests that even though it was doing business within the State in 1977, it was not doing business within the State in 1980 and, therefore, ought not to be barred from maintaining its action. Appellant's reliance on 1825 Collins Avenue Corporation v. Rudnick, 67 So.2d 424 (Fla. 1953), for this legal innovation is wholly misplaced. In that case, the plaintiff corporation made the necessary filings and returns and paid all taxes due the State prior to final hearing on motion for summary judgment. In the case sub judice, Industrial National has never paid its corporate taxes nor filed appropriate reports with the State of Florida.
Section 607.354(1) must be read in pari materia with Section 607.357(6), Florida *104 Statutes (1975).[2] Industrial National could have overcome its litigious disability by the simple expedient of filing the overdue reports and paying the back taxes. Town of Davie v. Hartline, 199 So.2d 280 (Fla. 1967); Marinelli v. Weaver, 208 So.2d 489 (Fla. 2d DCA 1968).
Appellant, having failed to do so, the order dismissing the complaint is affirmed.
Affirmed.
NOTES
[1] Section 607.354(1) provides in part:

No foreign corporation transacting business in this State without authority to do so shall be permitted to maintain any action, suit, or proceeding in any court of this State until such corporation shall have obtained authority to transact business in this State.
[2] Section 607.357(6) provides:

Any corporation failing to file the annual report required by this section shall not be permitted to maintain or defend any action in any court of this state until such report is filed and all taxes due under this chapter are paid, and any corporation failing to file the annual report shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this chapter.