NESBITT, Judge.
Pinewood Plumbing Supply, Inc. (Pinewood) appeals from an adverse summary judgment. We affirm.
Pinewood contracted with Minority Systems, Inc. (M.S.I.), a subcontractor, to deliver plumbing fixtures for a government project. After Pinewood delivered, M.S.I. failed to pay. Pinewood brought suit directly against the prime contractor, Centen *217 nial Construction, Inc. (Centennial), under section 255.05, Florida Statutes (1983). Pinewood concedes that it failed to timely notice Centennial pursuant to section 255.-05(2).[1]
First, Pinewood contends that it is in privity with Centennial and therefore the notice requirements of section 255.05(2) are inapplicable. We disagree. The mere fact that Pinewood delivered its goods directly to Centennial’s construction site does not put Pinewood in privity with Centennial. Cf. Tompkins Land Co., Inc. v. Edge, 341 So.2d 206 (Fla. 4th DCA 1976) (subcontractor did not come into privity with owner by delivering a fire hydrant directly to owner, nor by the owner directing placement of the hydrant).
Second, Pinewood argues that even if it is foreclosed from a breach of contract claim because it failed to give timely notice to Centennial, it is still entitled to recover in equity. Section 255.05 provides for an adequate remedy at law. Pinewood’s failure to comply with the notice requirements does not make the remedy inadequate. Thus Pinewood was not entitled to equitable relief. See American Surety v. Murphy, 13 So.2d 442 (Fla.1943) (where a surety failed to file a breach of contract claim against a deceased’s estate within the statutory period, losing its otherwise enforceable legal remedy, equity lacked jurisdiction to compel specific performance absent a showing of mistake, fraud, accident, or circumstances beyond surety’s control); see also Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735 (Fla. 3d DCA 1982) (legal remedy for breach of contract was not made inadequate by lessee’s insufficient efforts to prove damages at trial and therefore lessee was not entitled to equitable relief).
Finally, Pinewood contends that the court should have enforced an equitable lien against the contractor. This, too, is an erroneous contention because Pinewood failed to allege misrepresentation, fraud or any right of a special nature. Largo Hospital Owners, Ltd. v. International Glass and Manufacturing Co., Inc., 410 So.2d 518, 522 (Fla. 2d DCA 1982) (materialman might be entitled to an equitable lien where he failed to perfect a mechanic’s lien but only where: a) if it is against property, materialman shows misrepresentation or fraud; or b) if it is against unexpended construction funds held in trust, material-man demonstrates “a right of a special nature”). Accordingly, the order under review is
Affirmed.

. Section 255.05(2), Florida Statutes (1983) reads:
(2) A claimant, except a laborer, who is not in privity with the contractor and who has not received payment for his labor, materials, or supplies shall, within 45 days after beginning to furnish labor, materials, or supplies for the prosecution of the work, furnish the contractor with a notice that he intends to look to the bond for protection. A claimant who is not in privity with the contractor and who has not received payment for his labor, materials or supplies shall, within 90 days after perform-anee of the labor or after complete delivery of the materials or supplies, deliver to the contractor and to the surety written notice of the performance of the labor or delivery of the materials or supplies and of the nonpayment. No action for the labor, materials, or supplies may be instituted against the contractor or the surety unless both notices have been given. No action shall be instituted against the contractor or the surety on the bond after 1 year from the performance of the labor or completion of delivery of the materials or supplies.