541 So.2d 748 (1989)
CAPITAL CONSTRUCTION SERVICES, INCORPORATED, Appellant,
v.
Marilyn RUBINSON, Appellee.
No. 88-2087.
District Court of Appeal of Florida, Third District.
April 11, 1989.
*749 Steven M. Meyers, Miami, for appellant.
Shutts & Bowen, and Alan I. Mishael, Miami, for appellee.
Before FERGUSON, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Capital Construction appeals from a final summary judgment which vacated two mechanic's liens filed against Marilyn Rubinson's properties and denied Capital's claims for unjust enrichment and quantum meruit. We affirm in part, reverse in part, and remand for further proceedings.
In May, 1986, Mrs. Rubinson entered into a written contract with J. Kelley, Inc., for renovations to two of her properties. Capital was not a party to the contract and was not mentioned in it. David Lax, the president of Capital, was introduced to Mrs. Rubinson's husband as a "partner" of the president of J. Kelley but was not identified as the president of Capital.
When Mrs. Rubinson became aware that someone other than J. Kelley, Inc., was involved in the renovations, she ordered the work stopped. In June, 1987, Capital filed mechanic's liens against the two pieces of property. The following month, Mrs. Rubinson filed an action for declaratory relief to vacate the liens because Capital had failed to serve her with the notice of lien required by section 713.06(2)(a), Florida Statutes (1987). Capital filed an answer and affirmative defense which stated that no notice was necessary because Capital was in privity with Mrs. Rubinson. Capital also counterclaimed for enforcement of the liens, quantum meruit, and unjust enrichment.
Rubinson moved for summary judgment on the ground that Capital had been involuntarily dissolved as a corporation in November, 1985, for failure to pay its annual fee and, thus, lacked capacity to contract in *750 May, 1986, or to enforce any claims that arose between its dissolution and reinstatement.[1] The second ground for the motion was Capital's failure to serve a notice of lien pursuant to section 713.06(2)(a). The motion also alleged that Capital had no action for quantum meruit or unjust enrichment because Rubinson had not requested Capital to perform any services. The trial court granted Mrs. Rubinson's motion on all three grounds.
We reverse the trial court's judgment that Capital lacked the corporate capacity to contract in 1986.
Section 607.271, Florida Statutes (1987), provides that the Florida Department of State may dissolve a Florida corporation for failure to file its annual report or pay the annual report fee. Section 607.297, Florida Statutes, provides that "[t]he dissolution of a corporation ... by the issuance of a certificate of dissolution by the Department of State ... shall not take away or impair any remedy available to or against such corporation or its directors ... for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 3 years after the date of such dissolution." This court has interpreted section 607.297 to allow a corporation to "maintain an action brought three years after its involuntary dissolution for failure to pay annual fees, where the corporation, at the time of the action, has been fully reinstated to active status." Cosmopolitan Distributors, Inc. v. Lehnert, 470 So.2d 738, 739 (Fla. 3d DCA 1985), rev. denied, 486 So.2d 596 (Fla. 1986). However, we have not expressly addressed the question of whether a corporation which has been involuntarily dissolved for failure to pay fees can pursue a cause of action which accrued after dissolution and before reinstatement. The fourth district has held that involuntary dissolution for failure to pay fees does not bar a corporation from suing on a claim which arose after dissolution but before reinstatement. LeLac Property Owners' Ass'n, Inc. v. Routh, 493 So.2d 1131 (Fla. 4th DCA 1986). We join our sister court and hold that section 607.297 does not bar Capital from enforcing claims which arose after it was dissolved in 1985.[2]
We affirm that portion of the order of final summary judgment which vacated the liens. Capital was not in privity with Mrs. Rubinson and was barred from enforcing its liens under the Florida Mechanic's Lien Statute because it failed to provide Mrs. Rubinson with a notice of lien required by section 713.06(2)(a).
The affidavits filed by David Lax, president of Capital, failed to raise a genuine issue of material fact as to whether privity existed. Lax's affidavit stated that Capital "provided labor and materials to Mrs. Rubinson's properties," and that the Rubinsons "were told by Capital Construction Services that it was doing the work" and "were present at the job site" while Capital did the work. These allegations, even if true, were legally insufficient to establish that privity existed between Mrs. Rubinson and Capital.
In order to create privity under the lien statute, there must be, in addition to knowledge of the owner that a certain person is furnishing labor or material for the contractor to be used in the execution of his contract, an express or implied assumption by the owner of a contractual obligation to pay for the labor or materials furnished. See Harper Lumber & Mfg. Co. v. Teate [98 Fla. 1055, 125 So. 21], [(1930)] supra. While such privity may be made out by circumstantial, as well as direct and positive, evidence, the ultimate conclusion must be made to appear that the owner voluntarily put himself in such situation toward the materialman or laborer as to make him liable on an implied agreement to pay for the labor or material furnished, not as a secondary, *751 but as a primary debtor on the account.
Tompkins Land Co. v. Edge, 341 So.2d 206, 207 (Fla. 4th DCA 1976) (quoting First Nat'l Bank of Tampa v. Southern Lumber & Supply Co., 106 Fla. 821, 145 So. 594 (1932)); Warshaw v. Pyms, 266 So.2d 355, 358 (Fla. 3d DCA 1972). See also Pinewood Plumbing Supply, Inc. v. Centennial Constr., Inc., 489 So.2d 216 (Fla. 3d DCA 1986) (mere delivery of goods to construction site does not establish privity between subcontractor and contractor).
Because no privity existed between Mrs. Rubinson and Capital, Capital's failure to serve a notice of claim to Mrs. Rubinson barred enforcement of its claim of lien. Section 713.06, Florida Statutes (1976) ("... failure to serve the notice ... shall be a complete defense to enforcement of a lien by any person."). The trial court properly granted Mrs. Rubinson's motion for summary judgment to vacate Capital's liens.
Finally, we reverse that portion of the trial court's order which rejected Capital's claims for damages for quantum meruit and unjust enrichment. The affidavit of David Law filed in opposition to Mrs. Rubinson's motion for summary judgment raises genuine issues of material fact as to whether, even in the absence of privity, Mrs. Rubinson knowingly accepted the benefits conferred by Capital.[3]See Challenge Air Transp., Inc. v. Transportes Aereos Nacionales, S.A., 520 So.2d 323, 324 (Fla. 3d DCA 1988) ("While recovery does not rest upon the assent of the contracting parties, ... the party for whose benefit the services were rendered must have requested the services or have knowingly and voluntarily accepted their benefits[.]") (citations omitted) (emphasis added). We therefore remand this cause to the trial court for further proceedings on Capital's claims for quantum meruit and unjust enrichment.
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] Capital was reinstated as a corporate entity on July 1, 1988.
[2] Compare Industrial Nat'l Mortgage Co. v. Blake, 406 So.2d 103 (Fla. 3d DCA 1981) (where dissolved corporation was afforded opportunity by court to file its overdue reports but failed to do so, corporation barred from maintaining action).
[3] David Lax stated in his affidavit that Mrs. Rubinson had received invoices from Capital.