(807 P.2d 1330)

No. 65,543

MISSION ROAD ASSOCIATES, L.P., A KANSAS LIMITED PARTNERSHIP, BY UNITED PROPERTIES, INC., ONE OF ITS GENERAL PARTNERS, *Appellant,* v. IML REALTY COMPANY and IRWIN M. LEVINE, *Appellees.*

Opinion filed March 22, 1991.

*Park McGee,* of Overland Park, for the appellant.

*Nicholas C. Vedros,* of McDowell, Rice & Smith, of Kansas City, Missouri, for the appellees.

Before REES, P.J., GERNON and LEWIS, JJ.

LEWIS, J.: This is an appeal by the plaintiff from an order dismissing its action for an accounting and damages against the defendants. After review, we reverse and remand.

United Properties, Inc., (United) is one of the the general partners of Mission Road Associates, L.P., (Mission Road) a Kansas limited partnership. United instituted this action against IML Realty (IML) and Irwin M. Levine. The action alleged that IML and Levine had managed property belonging to Mission Road and that they refused to surrender the property on demand, refused to render an accounting, and had converted partnership assets to their own use.

IML and Levine filed a motion to dismiss or for summary judgment. The basis of that motion was the proposition that, at the time the action was filed, United's articles of incorporation had been forfeited as had the limited partnership status of Mission Road. Thus, it was argued that neither the general partner nor the limited partnership had any legal existence at the time the action was commenced.

The trial court sustained the motion to dismiss. It made no findings, and its orders give no reasons to support the decision. We assume that the action was dismissed because of the alleged lack of legal status vested in United and Mission Road at the time the action was filed.

The facts indicate that United was incorporated originally in 1984. Its articles were forfeited on at least two occasions for failure to file an annual report. The articles were last forfeited on October 15, 1987, and were reinstated on June 29, 1990. The present action was filed on September 26, 1989, at a time when United's articles remained forfeited. The order dismissing the action was filed July 5, 1990, at which point the articles had been reinstated.

The limited partnership status of Mission Road was forfeited on July 15, 1988, for its failure to file an annual report. The limited partnership status was reinstated on June 29, 1990. Thus, as is the case with the general partner, the limited partnership had no legal existence when the action was filed, but that legal existence had been reinstated prior to the dismissal.

The question before this court is what effect, if any, the forfeiture of the articles of incorporation of United and the limited partnership status of Mission Road had on their ability to commence and maintain the present action in the district court.

We turn first to the status of the corporation. K.S.A. 17-6807 provides that a corporation may sue or defend an action in the district court for a period of three years from the date its articles of incorporation are forfeited. This statutory authorization entitles the corporation to prosecute and defend actions in that time frame which relate to the settling and closing of the corporate business. The statute specifically states that an action is not authorized "for the purpose of continuing the business for which the corporation was organized." The action in question was commenced within three years of the forfeiture of United's articles of incorporation

and was clearly authorized by K.S.A. 17-6807 if the purpose of the action was the closing or settling of corporate affairs by United. Therefore, should the trial court conclude that United, as it claims, was closing and settling its business affairs in filing this action, then the action is authorized under 17-6807 and should not have been dismissed.

However, we conclude on a broader basis that, under K.S.A. 1990 Supp. 17-7002, United's action in filing and maintaining this lawsuit was authorized regardless of whether it relates to the closing of the corporate business. K.S.A. 1990 Supp. 17-7002 deals with, among other things, the restoration of articles of incorporation which have been forfeited. That statute provides in part:

"(d) Upon the filing of the certificate in accordance with K.S.A. 17-6003, and amendments thereto, the corporation shall be renewed and revived with the same force and effect as if its articles of incorporation had not become inoperative and void or had not expired by limitation. Such reinstatement shall validate all contracts, acts, matters and things made, done and performed within the scope of its articles of incorporation by the corporation, its officers and agents during the time when its articles of incorporation were inoperative or void or after their expiration by limitation, with the same force and effect and to all intents and purposes as if the articles of incorporation had at all times remained in full force and effect. All real and personal property, rights and credits, which belonged to the corporation at the time its articles of incorporation became inoperative or void, or expired by limitation and which were not disposed of prior to the time of its revival or renewal shall be vested in the corporation after its revival or renewal, as fully and amply as they were held by the corporation at and before the time its articles of incorporation became inoperative or void or expired by limitation, and the corporation after its renewal or revival shall be as exclusively liable for all contracts, acts, matters and things made, done or performed in its name and on its behalf by its officers and agents prior to its reinstatement, as if its articles of incorporation had remained at all times in full force and effect."

The provisions of K.S.A. 1990 Supp. 17-7002(d) are not difficult to interpret. It clearly provides that reinstatement of the corporate status validates all actions taken by or on behalf of the corporation during the period of time the articles were forfeited. This validation would include, in our opinion, the filing of an action in the district court during the time the articles were forfeited. As a result, if United had no authority to file the action at the time

it was filed, that authority was granted retroactively on the date its articles were reinstated. Accordingly, when United's articles were reinstated on June 29, 1990, the filing of the current litigation was retroactively validated. We hold that, pursuant to K.S.A. 1990 Supp. 17-7002(d), it was error to dismiss this action on the grounds that the articles of incorporation of United were forfeited at the time the action was filed. Any question about United's authority to file this action was removed when its articles of incorporation were reinstated.

There are no decisions by Kansas courts regarding the retroactivity of 17-7002(d). However, there are decisions from other jurisdictions which have held that the revival of articles of incorporation allows the corporation to sue with respect to an action that was commenced after forfeiture. See *Capital Const. Services v. Rubinson*, 541 So.2d 748 (Fla. Dist. App. 1989); *LeLac Property Owners' Ass'n Inc. v. Routh*, 493 So.2d 1131 (Fla. Dist. App. 1986). See Annot., 42 A.L.R.4th 392, 433. We adopt the reasoning of these decisions of our sister courts.

We now turn to the limited partnership itself. United filed suit as the general partner of a limited partnership which had no legal existence on the date the action was commenced. We must determine whether the existence of this fact justified the court's action in dismissing the petition.

Mission Road argues that the purpose of the action was to "wind up its affairs." In that regard, K.S.A. 1990 Supp. 56-1a453 provides as follows:

"(a) Unless otherwise provided in the partnership agreement, the general partners who have not wrongfully dissolved a limited partnership or, if none, the limited partners may wind up the limited partnership's affairs; but the district court, upon cause shown, may wind up the limited partnership's affairs upon application of any partner or the partner's representative or assignee.

"(b) Upon dissolution of a limited partnership and until the filing of a certificate of cancellation as provided in K.S.A. 56-1a506 and amendments thereto, the persons winding up the limited partnership's affairs, in the name of, and for and on behalf of, the limited partnership, may prosecute and defend suits, whether civil, criminal or administrative, gradually settle and close the limited partnership's business, dispose of and convey the limited partnership's property, discharge the limited partnership's liabilities, and distribute to the partners any remaining assets of the limited partnership, all without affecting the liability of limited partners."

It is clear that, under the express provisions of the above-quoted statute, United had the authority to bring this action to "wind up the affairs" of Mission Road. If the purpose of the action was to "wind up the limited partnership affairs," then the legal status of the limited partnership was immaterial, and United, as the general partner, was authorized by statute to maintain the action.

The question of whether the action was or was not one to "wind up the affairs" of Mission Road is one we cannot answer. Counsel for Mission Road, however, insists the action relates to "winding up" its affairs. However, there is no evidence in the record on this issue. This is a question of fact which must be determined by the trial court after a proper evidentiary hearing. If, on remand, the trial court concludes from the evidence that the limited partnership is in the process of "winding up its affairs," then the action is proper, and the lawsuit must proceed on its merits.

Reversed and remanded for proceedings consistent with this opinion.