WOLF, Judge.
Appellant, Sharpe, Inc. (Sharpe), a general contractor hired by the Holmes County School Board to construct a new high school, challenges an order of the circuit court imposing an equitable lien in favor of Neil Spear, Inc. (Spear) on funds to be paid to Sharpe. Spear is a subcontractor hired by Aztec (Sharpe’s subcontractor) to perform “dirt work” at the site. Appellant raises a number of issues, but we need address only one which is dispositive of this case: Whether the trial court erred in holding a general contractor on a public construction project liable to a subcontractor which was not in privity with the general contractor, where the subcontractor failed to comply with the statutory notice requirements of section 255.05(2), Florida Statutes (1989). We find that the action against the contractor is precluded by the specific language of the statute, and we reverse.
On October 13, 1989, appellant, the general contractor on a public-school project, entered into a subcontract with a company called Aztec for, among other things, site preparation. Aztec then entered into an oral agreement with appellee, Spear, to complete specified portions of the Aztec/Sharpe subcontract. Appellee was never in privity with appellant. In mid December 1989, Spear billed Aztec for two quantities of work done. The first bill was paid, but the second bill was not paid due to a dispute over the amount of work which had been done by appellee.
In early January 1990, appellee, Spear, finished its work on the job. The amount of work done by appellee was still disputed. In September 1990, it became apparent to appellant that Aztec, which was having financial difficulties, could not complete its portion of the job. Appellant hired Couch Construction to complete the work remaining on Aztec’s contract as well as other work on the school project. Appellee filed an action seeking an equitable lien on certain funds to be paid the contractor by the school board. Prior to filing the action, appellee had not filed either of the notices required by section 255.05(2), Florida Statutes.
Section 255.05 requires a claimant on a public construction project which is not in privity with the contractor to notify the contractor within 45 days after beginning to furnish labor, materials, or supplies of its intent to look to the bond for protection against nonpayment, and within 90 days after completing performance, to notify the contractor and surety in writing. Section 255.05(2) also states in pertinent part,
No action for the labor, materials or supplies may be instituted against the contractor or the surety unless both notices have been given. No action shall be instituted against the contractor or surety on the bond after one year from the performance of the labor or completion of delivery of the materials or supplies.
It is undisputed that appellee was not in privity with appellant and that they failed to provide the proper notices. We find the statute to be clear and unambiguous; any action against the contractor is *68 precluded. (See Pinewood Plumbing Supply v. Centennial Constr., Inc., 489 So.2d 216 (Fla.3d DCA 1986), where the third district held that a subcontractor which was not in privity with a public contractor was precluded from bringing an action in equity where it failed to utilize its adequate remedy at law by failing to give the required notices under section 255.05, Florida Statutes). The judgment of the trial court is reversed, and the case is remanded to the trial court for entry of a judgment in favor of the appellant.
ALLEN and WEBSTER, JJ., concur.